UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EMERSON ELECTRIC CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV1578 JAR |
| ) | |
| PETER RAMOS YEO, ) | |
| ) | |
| Defendant. ) | |

## TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiff Emerson Electric Co.'s ("Emerson") Motion for a Temporary Restraining Order. The Court has reviewed the Motion, as well as the Verified Petition for Injunctive and Other Relief, Memorandum in Support of Motion for a Temporary Restraining Order, and Motion for Expedited Discovery, as well as Defendant Peter Ramos Yeo's ("Ramos Yeo") Motion to Dismiss for Failure to State a Claim and Lack of Personal Jurisdiction, and has heard the arguments of counsel.

As a threshold matter, and for purposes of this motion, the Court finds that personal jurisdiction and venue are proper in this Court. Due process is satisfied when a defendant consents to personal jurisdiction by entering into a contract that contains a valid forum selection clause. See St. Paul Fire & Marine Ins. Co. v. Courtney Enterprises, Inc., 270 F.3d 621, 624 (8th Cir. 2001) (quoting Dominium Austin Partners, L.L.C., v. Emerson, 248 F.3d 720, 726 (8th Cir. 2001)). There appears to be a valid forum selection clause in Section 15 of the Nonqualified Stock Option Agreement, signed by Ramos Yeo, providing that "any litigation arising out of, in connection with or concerning any aspect of [the] Agreement shall be conducted exclusively in the State or Federal courts in the State of Missouri," and expressly consented to "the exclusive jurisdiction of said courts." In the Eighth Circuit, a forum selection clause will be enforced unless

the party seeking to avoid its application sustains a "heavy burden" to show the clause is unfair or unreasonable. See Servewell Plumbing, LLC v. Federal Ins. Co., 439 F.3d 786, 789 (8th Cir. 2006). At this early stage of the proceedings, Ramos Yeo has failed to meet that "heavy burden." The Court will consider further argument or briefing from the parties on this issue at the preliminary injunction hearing.

Accordingly,

**IT IS HEREBY ORDERED** that:

1.     Emerson's Motion for a Temporary Restraining Order [12] is **GRANTED**.

2.     Emerson has alleged in the Verified Petition that Ramos Yeo was employed as the Research and Development Design Director for Astec International Ltd., ROHQ ("Astec"), an Emerson subsidiary. Emerson and Astec are collectively referred to herein as "Emerson/Astec."

3.     Emerson has further alleged that Ramos Yeo signed the Nonqualified Stock Option Agreement with Emerson in December 2011 (the "Agreement," Doc. No. 7, Exhibit A).

4.     Based on Ramos Yeo's responsive pleadings, Ramos Yeo has been offered a position by Power Systems Electronics R&D Ltd., a subsidiary of Flextronics, a direct competitor of Emerson/Astec, which Emerson has alleged is a violation of the contractual noncompete obligations he owes to Emerson under the Nonqualified Stock Option Agreement.

5.     Emerson is subject to immediate and irreparable injury if Ramos Yeo is permitted to breach the Agreement. Monetary relief will not fully or adequately compensate Emerson for the injury which could be caused by Ramos Yeo's violations(s) of the Agreement. Emerson is likely to succeed on the merits of this action.

6.     For the reasons stated above and in Emerson's Verified Petition, Motion for a Temporary Restraining Order, and the Supporting Memorandum, Ramos Yeo is temporarily

restrained, for a period not to exceed 12 months from the date he was last employed by Emerson/Astec, from directly or indirectly:

(a) competing or assisting in any activity which competes, with the business of Emerson/Astec in which Ramos Yeo was employed or involved, or regarding which Ramos Yeo had Emerson/Astec's confidential information, at any time during his final two years of employment with Emerson/Astec;

(b) soliciting, encouraging to leave employment, hiring and/or assisting any other person to solicit, encourage to leave employment, or hire, any Emerson/Astec employee;

(c) inducing or attempting to induce, or assisting anyone else to induce or attempt to induce, in competition with Emerson/Astec, any customer of Emerson/Astec regarding which Ramos Yeo had any confidential information of Emerson/Astec at any time during his final two years of employment with Emerson/Astec, to divert its business from, or reduce or discontinue its business with, Emerson/Astec; and

(d) using or disclosing to any person any confidential, proprietary and/or trade secret information as defined in Paragraph 12 of the December 2011 Stock Option Agreement.

7. Pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure, this Order shall be binding on those persons in active concert or participation with Ramos Yeo who receive actual notice of the Order by personal service or otherwise.

8. Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, the Court orders that Emerson provide a surety bond in the amount of **$100,000.00** as security for the payment of such costs and damages (if any) as may be incurred or suffered by Ramos Yeo if he is found to have been wrongfully enjoined or restrained.

9. This Temporary Restraining Order shall run through the date of the Preliminary Injunction hearing unless modified by agreement of the parties or by order of the Court.

10. This matter is set for hearing for a Preliminary Injunction on **Friday, November 16, 2012 at 10:00 a.m.** in Courtroom 12N.

11. This matter is set for a telephone status conference on **Monday, September 10, 2012 at 2:00 p.m.** in order for the parties and the Court to agree on a schedule for discovery. Counsel shall initiate the call with the Court at (314) 244-7560.

Accordingly,

**IT IS FURTHER ORDERED** that Emerson's Motion for Expedited Discovery [14] is **DENIED** as moot based on the scheduled telephone conference.

Dated this __7th____ day of September, 2012.

*[signature: John A. Ross]*

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE