UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EMERSON ELECTRIC CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV1578 JAR |
| ) | |
| PETER RAMOS YEO, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motions for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(B) [ECF No. 64] and To Stay Proceedings Pending Interlocutory Appeal. [ECF No. 65] The motions are fully briefed and ready for disposition.

**I. Procedural Background**

On August 30, 2012, Plaintiff Emerson Electric Company ("Emerson") filed its Petition and Motion for Temporary Restraining Order against Defendant Ramos Yeo ("Defendant") in the Circuit Court of Saint Louis County, Missouri. Emerson alleges Defendant, a former employee of its indirect subsidiary Astec International Ltd., ROHQ ("Astec"), is competing against Emerson in violation of a non-compete clause included in a stock option agreement he signed with Emerson ("2011 Stock Option Agreement" or "Agreement"). Emerson filed suit in the Circuit Court of Saint Louis County, Missouri, based on a forum selection clause in the agreement. This matter was removed to this Court on September 4, 2012. On September 5, 2012, Defendant moved to dismiss Emerson's Verified Petition for Injunctive and Other Relief because the stock option agreement is not supported by adequate consideration for a non-compete clause under Missouri law and because the Court lacks personal jurisdiction over him. (Doc. No. 18) On September 7, 2012, this Court entered its Temporary Restraining Order. (Doc. No. 26) On September 14, 2012, with the agreement of counsel, this Court denied Defendant's motion to

dismiss without prejudice and ordered the matter stayed for fourteen days to allow the parties to submit a joint proposed discovery and briefing schedule for the preliminary injunction hearing. (Doc. No. 29) When the parties failed to submit a joint proposed schedule, the Court entered a discovery and briefing schedule on October 5, 2012. (Doc. No. 36) Defendant renewed his Motion to Dismiss on October 8, 2012. (Doc. No. 37) A hearing was held on December 19, 2012 and on December 28, 2012, the Court denied Defendant's motion. (Doc. No. 63)

Defendant now seeks to amend that order to certify the following questions of law for interlocutory appeal: (1) Does the 2011 Stock Option Agreement between Emerson Electric Company and Peter Ramos Yeo fail due to lack of adequate consideration under Missouri law barring Emerson from enforcing the restrictive covenants and forum selection clause contained in that Agreement; and (2) Does the District Court lack personal jurisdiction over Ramos Yeo where Ramos Yeo does not have minimum contacts with the state of Missouri and the only basis for the Court's jurisdiction is the forum selection clause contained in the 2011 Stock Option Agreement between Emerson Electric Co. and Ramos Yeo. Defendant also seeks a stay of these proceedings pending interlocutory appeal.

**II. Legal Standard**

The general purpose of 28 U.S.C. § 1292(b) is "to provide interlocutory appeal in exceptional cases in order to avoid protracted and expensive litigation." Paschall v. Kansas City Star Co., 605 F.2d 403, 406 (8th Cir. 1979); White v. Nix, 43 F.3d 374, 376 (8th Cir.1994). The burden is on the movant "to demonstrate that the case is an exceptional one in which immediate appeal is warranted." E.E.O.C. v. Allstate Ins. Co., 2007 WL 38675, at *2 (E.D.Mo. Jan. 4, 2007) (quoting White, 43 F.3d at 376). To satisfy § 1292(b) requirements, a case must involve an issue that concerns "(1) a controlling question of law as to which there is (2) a substantial ground for difference of opinion and upon which (3) a decision will materially advance the

ultimate termination of the litigation." Paschall, 605 F.2d at 406. The Eighth Circuit has emphasized that "it is the policy of the courts to discourage piecemeal appeals because most often such appeals result in additional burdens on both the court and the litigants." E.E.O.C., 2007 WL 38675, at *2 (quoting White, 43 F.3d at 376). See also Control Data Corp. v. International Business Machines Corp., 421 F.2d 323, 325 (8th Cir.1970). It is within the trial court's discretion to grant or deny a motion for interlocutory appeal, and also within the discretion of the court of appeals to certify the appeal. Id. A district court's grant of interlocutory appeal must be in writing, and must state the basis for the interlocutory appeal. Federal Deposit Ins. Corp. v. First Nat. Bank of Waukesha, Wis., 604 F.Supp. 616, 620 (D.Wis.1985). Furthermore, the application for appeal "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b).

### III. Motion for Certification of Interlocutory Appeal

Defendant argues the Court's December 28, 2012 Order denying his renewed motion to dismiss involves two controlling questions of law as to which there are substantial grounds for difference of opinion, and on which a decision will materially advance the ultimate termination of the litigation. The first question of law is whether the stock option agreement is supported by valid and adequate consideration. The second question of law is whether the Court has personal jurisdiction over him where he lacks minimum contacts with the state of Missouri and the only basis for jurisdiction is the forum selection clause of the agreement. (Memorandum in Support of Motion for Certification, Doc. No. 66, pp. 5-6) Emerson contends that neither question satisfies the statutory requirements of section 1292(b). (Opposition to Motion for Certification, Doc. No. 71, p. 3)

#### A. Controlling Question of Law

"All that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." Newsome v. Young Supply Co., 873 F.Supp.2d 872, 876 (E.D.Mich. 2012) (quoting Eagan v. CSX Transportation, Inc., 294 F.Supp.2d 911, 915 (E.D.Mich.2003)). See also Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 921 F.2d 21, 24 (2d Cir. 1990) (A question of law is controlling "if reversal of the district court's order would terminate the action."). The question for appeal must be a question of law as opposed to a question of fact or matter for the court's discretion. See White, 43 F.3d at 377; Control Data Corp., 421 F.2d at 326.

In this case the order being appealed is a denial of Defendant's renewed motion to dismiss the complaint against him. "It is settled in this circuit that "[w]hether a complaint states a cause of action is a question of law which we review on appeal de novo." Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990) (quoting Morton v. Becker, 793 F.2d 185, 187 (8th Cir.1986)). If the Court's December 28, 2012 Order is reversed on appeal, then the petition filed against Defendant would be dismissed and the action terminated. Thus, the questions presented for appeal are "controlling" in that sense. Westcott, 901 F.2d at 1488..

**B. Substantial Grounds for Difference of Opinion**

Substantial grounds for a difference of opinion exists when: "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions"; (2) the question is one of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question. Newsome, 873 F.Supp.2d at 876-77 (quoting City of Dearborn v. Comcast of Michigan III, Inc., 2008 WL 5084203, at *3 (E.D.Mich. 2008)). The difference of opinion must arise out of genuine doubt as to the correct legal standard. Morgan v. Ford Motor Co., 2007 WL 269806, at

- 4 -

*3 (D.N.J. Jan. 25, 2007). Thus, a moving party's citation to a number of conflicting decisions on the same issue might constitute a sufficient basis for the finding that substantial differences of opinion exist See, White, 43 F.3d at 378 (finding that conflicting and contradictory opinions provide substantial ground for a difference of opinion). "A court faced with a motion for certification must analyze the strength of the arguments in opposition to the challenged ruling to decide whether the issue is truly one on which there is a substantial ground for dispute." APCC Services, Inc. v. Sprint Communications Co., L.P., 297 F.Supp.2d 90, 98 (D.D.C. 2003) (citing In re Vitamins Antitrust Litigation, 2000 WL 33142129, at *2 (D.D.C. Nov. 22, 2000)).

In support of his opposition to the Court's Order, Defendant argues the Order conflicts with Missouri law regarding illusory promises, see Frye v. Speedway Chevrolet Cadillac, 321 S.W.3d 429, 442 (Mo.Ct.App. 2010) and Fenberg v. Goggin, 800 S.W.2d 132 (Mo.Ct.App. 1990), and overlooks the Fifth Circuit's decision in Olander v. Compass Bank, 363 F.3d 560 (5th Cir. 2004). In Olander, the court held that a non-compete agreement contained in a stock option agreement was unenforceable because the employer's promises were illusory. "As an at-will employer, Compass could terminate Olander for good cause, bad cause, or no cause at all. At the time of termination, the rights under the stock option agreement would disappear." Id. at 565. Given the fact that at any time before Defendant's options vested on October 3, 2012, Emerson could have terminated his employment, Defendant argues the stock option grant was an illusory promise. (Memorandum in Support of Motion for Certification, Doc. No. 66, p. 8)

Defendant also argues the Court's Order conflicts with Missouri law regarding the adequacy of consideration necessary to support a non-compete agreement, and cites Sturgis Equip. Co. v. Falcon Indus. Sales Co., 930 S.W.2d 14 (Mo.Ct.App. 1996) (finding a restrictive covenant contained in a stock purchase agreement between employer and an at-will employee lacked consideration) and Mayer Hoffman McCann v. Barton, 614 F.3d 893 (8th Cir. 2010)

(finding a restrictive covenant in a stockholder agreement was supported by adequate consideration where it provided that the purpose of the non-compete was to protect company's special interest ). (Doc. No. 66, pp. 8-10) Defendant states that like the agreement in Sturgis, the stock option agreement at issue here does not provide that the restrictive covenants are necessary to protect Emerson's legitimate interests or that in consideration of the covenants, Defendant would be given access to confidential information. (Memorandum in Support of Motion for Certification, Doc. No. 66, p. 10)

Finally, Defendant argues the Court's ruling that the forum selection clause is valid and enforceable is contrary to federal law because the clause is unfair and unreasonable and because Defendant lacks sufficient minimum contacts with the state of Missouri. (Id., pp. 10-12)

Emerson counters that Defendant fails to show a substantial ground for difference of opinion on the consideration issue in light of Missouri case law holding that continued employment is sufficient and valid consideration to support a non-compete agreement. See, e.g., Safety-Kleen Sys., Inc. v. Hennkens, 301 F.3d 931 (8th Cir. 2002); Easy Returns Midwest, Inc v. Schultz, 964 S.W.2d 450 (Mo.Ct.App. 1998); Computer Sales Int'l, Inc. v. Collins, 723 S.W.2d 450 (Mo.Ct.App. 1986). (Doc. No. 71, pp. 3-6) "Simply put, if a noncompetition agreement that hinges upon continued employment is supported by consideration (as is true under Missouri law), then a stock option noncompete agreement cannot be invalidated for being illusory (i.e., lacking consideration) just because the employee is at-will. A contrary ruling adopting [Defendant's] argument would mean that all noncompetition agreements which rest upon the continued employment of an at-will employee could never be enforceable, which is exactly the opposite of well-established Missouri law." (Opposition to Motion for Certification, Doc. No. 71, p. 5)

With regard to the personal jurisdiction issue, Emerson responds that the Court applied the correct legal standard on the enforceability of forum selection clauses and that a dispute about the application of law to facts is not a controlling question of law for interlocutory appeal. Woods v. Christensen Shipyards, Ltd., 2006 WL 4680499, at *4 (S.D. Fla. 2006) (holding the application of settled law on the enforceability of forum selection clauses to the facts at hand is not a question of law over which there is a "substantial ground for difference of opinion.") (Opposition to Motion for Certification, Doc. No. 71, p. 7) However, Missouri law recognizes that a forum selection clause may be unenforceable if its application is shown to be unfair or unreasonable. The sufficiency of the evidence to make a showing that enforcement of the clause would be unfair or unreasonable is a question of law reviewed independently on appeal. Whelan Security Co., Inc. v. Allen, 26 S.W.3d 592, 595 (Mo. Ct. App. 2000).

The Court has extensively reviewed the parties' briefing on Defendant's motion and the supporting authorities. As evidenced by the extent of the parties' dispute on these issues, it is clear this matter was not definitively guided by previous decisions. Moreover, the Court's own view is that its ruling was a "close call." Thus, the Court finds there is substantial ground for a difference of opinion. See, Newsome, 873 F.Supp.2d at 878.

**C. Materially Advance the Ultimate Termination of the Litigation**

The third requirement necessitates a showing that the case is an extraordinary case where "the decision of an interlocutory appeal might avoid protracted and expensive litigation." E.E.O.C., 2007 WL 38675, at *5 (quoting U.S. ex rel. Hollander v. Clay, 420 F.Supp. 853, 859 (D.D.C.1976)). In reaching this determination "the district court is well-advised to review the procedural and substantive status of the case with respect to the progress or completion of discovery, the disposition of pretrial motions, the extent of the parties' preparation for trial, and

the nature and scope of the requested relief." Federal Deposit Ins. Corp. v. First Nat. Bank of Waukesha, Wis., 604 F.Supp. 616, 620 (D.C. Wis. 1985).

The most persuasive argument to this Court is that both parties are set to engage in expensive, time-consuming discovery in numerous countries, including the Philippines. No depositions have been taken, and no scheduling order has been entered. Under the circumstances, the Court finds an interlocutory appeal would promote judicial economy by settling these contested questions before—potentially needlessly—occupying the Court's and parties' time and attention.

In sum, the three requirements for an interlocutory appeal under 28 U.S.C. § 1292(b) have been met in this case. The Court finds it necessary, however, to modify the question of law Defendant seeks to certify on the personal jurisdiction issue. The issue of personal jurisdiction, as it was originally framed for the Court, was tied to the adequacy of consideration issue. In other words, the enforceability of the forum selection clause was dependent on a finding that the stock option agreement containing the clause was supported by adequate consideration. (Renewed Motion to Dismiss, Doc. No. 37, ¶ 7) Here, Defendant reiterates that the personal jurisdiction issue is "intertwined with the adequacy of consideration argument because it is undisputed that the **only** basis for the Court's jurisdiction over [Defendant] is the Agreement. If the Agreement lacks consideration such that it is invalid, then the forum selection clause is invalid, and the Court does not have jurisdiction over [Defendant]." (Reply in Support of Motion For Certification, Doc. No. 73, p. 3) As the party invoking the forum selection clause, Emerson did not have to show minimum contacts. CIC Group, Inc. v. Mitchell, 2010 WL 5184990, at *2 (E.D. Mo. Dec. 15, 2010) (citing Whelan Security Co., Inc. v. Allen, 26 S.W.3d 592, 595 (Mo. Ct. App. 2000). The Court addressed Defendant's argument that he lacked minimum contacts with Missouri only to the extent it was based on expense and inconvenience and found it was

neither unfair, unjust or unreasonable to hold him to his bargain and require him to defend this action in this Court. Accordingly, the Court will modify Defendant's second question of law by deleting the language concerning minimum contacts.

### IV. Motion to Stay Proceedings Pending Interlocutory Appeal

Defendant requests the Court stay proceedings, including discovery, pending resolution of any interlocutory appeal. Defendant stipulates that the TRO issued by the Court on September 7, 2012 will remain in effect, as issued by the Court, up to and through August 31, 2013,[1] unless dissolved or modified earlier by this Court or the United States Court of Appeals for the Eighth Circuit. (Memorandum in Support of Motion to Stay, Doc. No. 68)

Emerson opposes the broad stay requested by Defendant, and suggests that any stay include a carve-out requiring Defendant to (1) answer the verified petition, (2) provide his computer for forensic examination, and (3) give a deposition. (Opposition to Motion to Stay, Doc. No. 72) Defendant replies that Emerson already has possession of his work computer, but has produced nothing demonstrating that he copied files or confidential information. (Reply in Support of Motion to Stay, Doc. No. 74). Defendant argues Emerson's request for access to his personal computer is not reasonably calculated to lead to discovery of admissible evidence because its request is not limited to information related to Defendant's employment with Emerson. Given the invasive nature of Emerson's request, the Court will deny Emerson's request for Defendant's personal computer. The Court will also deny Emerson's request that Defendant give his deposition since the very purpose of an interlocutory appeal is to avoid expensive and potentially unnecessary discovery and litigation. Upon consideration, the Court will grant Defendant's motion for stay but require Defendant to answer Emerson's petition.

---

[1] August 31, 2013 marks the end of the twelve (12) month non-compete period.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(B) [64] is **GRANTED**. This Court's December 28, 2012 Order is amended to certify the following questions as modified for immediate interlocutory appeal:

1. Does the 2011 Stock Option Agreement between Emerson Electric Company and Peter Ramos Yeo fail due to lack of adequate consideration under Missouri law barring Emerson from enforcing the restrictive covenants and forum selection clause contained in that Agreement?

2. Does the District Court lack personal jurisdiction over Ramos Yeo where the only basis for the Court's jurisdiction is the forum selection clause contained in the 2011 Stock Option Agreement between Emerson Electric Co. and Ramos Yeo?

**IT IS FURTHER ORDERED** that Defendant's Motion To Stay Proceedings Pending Interlocutory Appeal [65] is **GRANTED** in part. The current action is stayed, pending the outcome of Defendant's application to the Court of Appeals for interlocutory review.

**IT IS FURTHER ORDERED** that Defendant shall file, within seven (7) days of the date of this Order, his answer to Emerson's Verified Petition for Injunctive and Other Relief and Defendant's consent to extension of the existing Temporary Restraining Order.

Dated this 5th day of February, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE